**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| DLJ MORTGAGE CAPITAL, INC., | |
| Plaintiff, | 2:20-cv-01662-KJD-VCF |
| vs. | **ORDER** |
| OLD REPUBLIC TITLE INSURANCE GROUP, INC.; OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY; TITLEONE OF LAS VEGAS, INC.; DOE INDIVIDUALS I through X; and ROE CORPORATIONS XI through XX, inclusive, | |
| Defendants. | |

Before the Court is Plaintiff's Motion to Extension of Time to Serve Summons and Complaint. (ECF No. 27).

Plaintiff seeks an extension of 75 days under FED. R. CIV. P. 4(m) to confirm and effectuate service upon Defendant TitleOne of Las Vegas, Inc.

No opposition to the instant motion has been filed.  Under LR 7-2(d), the failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.

**A.    Relevant Law**

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." "The 90-day time limit imposed by Rule 4(m) expires 90 days after the first

complaint in which the defendant is named..." is filed. *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006)(emphasis added). The 90–day time limit for service does not restart each time a plaintiff files a new amended complaint. *Id.* The district court may extend time for service of process retroactively after the 90-day service period has expired. See *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir.2003).

**B.     Discussion**

Plaintiff's complaint was filed on September 8, 2020. (ECF No. 1-2). The deadline to effectuate service of process was December 7, 2020. *Id*; Fed. R. Civ. P. 4(m). Plaintiff states that it has attempted service on the registered agent for TitleOne and only recently learned that the address identified on the Nevada Secretary of State website was incorrect.

The time to effectuate service upon the Defendant TitleOne of Las Vegas, Inc. has expired, and Plaintiff must make a showing of good cause or excusable neglect in order for the court to extend this deadline for an appropriate period. *See* Fed. R. Civ. P. 4(m); *Lemoge*, 587 F.3d at 1198; *Mann*, 324 F.3d at 1090 (the court may extend the deadline for service of process retroactively).

Plaintiff states that good cause exists for the extension of time because DLJ's counsel was unaware that it needed to attempt service on TitleOne's out-of-state officers until December 31, 2020 due to a calendaring error.

The court finds that good cause warrants extending the service of process deadline.

Accordingly, and for good cause shown,

IT IS ORDERED that Plaintiff's Motion to Extension of Time to Serve Summons and Complaint (ECF No. 27) is GRANTED. Plaintiff must file proof of service for Defendant TitleOne of Las Vegas, Inc. on or before April 12, 2021.

DATED this 25th day of January, 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE