WRIGHT, FINLAY & ZAK, LLP
Darren T. Brenner, Esq.
Nevada Bar No. 8386
Lindsay D. Robbins, Esq.
Nevada Bar No. 13474
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
dbrenner@wrightlegal.net
lrobbins@wrightlegal.net
*Attorneys for Plaintiff, DLJ Mortgage Capital, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DLJ MORTGAGE CAPITAL, INC., <br><br> Plaintiff, <br> vs. <br><br> OLD REPUBLIC TITLE INSURANCE GROUP, INC.; OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY; TITLEONE OF LAS VEGAS, INC.; DOE INDIVIDUALS I through X; and ROE CORPORATIONS XI through XX, inclusive, <br><br> Defendants. | Case No.: 2:20-cv-01662-KJD-VCF <br><br> **MOTION FOR LEAVE TO SERVE DEFENDANT TITLEONE OF LAS VEGAS, INC. VIA THE NEVADA SECRETARY OF STATE** |

COMES NOW Plaintiff, DLJ Mortgage Capital, Inc. (hereinafter "DLJ Mortgage" or "Plaintiff"), by and through its attorneys of record, Darren T. Brenner, Esq. and Lindsay D. Robbins, Esq., of the law firm of Wright, Finlay & Zak, LLP, and hereby seeks leave of the Court to serve Defendant TitleOne of Las Vegas, Inc. ("TitleOne") with a copy of the Summons and Complaint via the Nevada Secretary of State, pursuant to NRCP 4.2(c)(3).[1]

/ / /

/ / /

/ / /

---

[1] Fed. R. Civ. P. 4(e)(1) provides that service should be made "following state law for serving a summons…in the state where the district court is located…"

This Motion is based on the attached Memorandum of Points and Authorities, the Declaration of Counsel, all papers and pleadings filed herein, and on any oral or documentary evidence that may be presented at a hearing, should one be required, on this matter.

DATED this 16th day of March, 2021.

    WRIGHT, FINLAY & ZAK, LLP

    */s/ Lindsay D. Robbins, Esq.*
    Darren T. Brenner, Esq.
    Nevada Bar No. 8386
    Lindsay D. Robbins, Esq.
    Nevada Bar No. 13474
    7785 W. Sahara Ave., Suite 200
    Las Vegas, Nevada 89117
    *Attorneys for Plaintiff, DLJ Mortgage Capital, Inc.*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   STATEMENT OF FACTS

On September 8, 2020, Plaintiff filed its Complaint in the Eighth Judicial District Court, in Clark County Nevada, as Case No. A-20-820843-C. On September 10, 2020, Defendant Old Republic National Title Insurance Company removed the matter to this Court. ECF No. 1.

On September 9, 2020, Plaintiff attempted to serve the last known registered agent of TitleOne—Clayton Freeman—at 2485 Village Drive, Suite 190, in Henderson Nevada, but found that the office is currently occupied by Appreciation Financial. ECF No. 9. On December 23, 2020, Plaintiff filed a Motion to Extend Time for Service on TitleOne [ECF No. 23], which was granted on January 25, 2021. ECF No. 29.

On January 28, 2021, Plaintiff attempted to serve the corporate officers of TitleOne at 1101 W. River Street, Suite 201, in Boise, Idaho, but was advised this location was for TitleOne Corporation, a different entity than TitleOne. ECF No. 30. A search of the Nevada Secretary of State's online search portal for TitleOne shows no other addresses or parties to attempt service

1  on.² In order to serve its Complaint upon TitleOne, Plaintiff requests this Court to allow service
2  upon the Nevada Secretary of State.

## II.    LEGAL ARGUMENT

Fed. R. Civ. P. Rule 4(h)(1)(A) provides that service upon a corporation, partnership, or association should be made in the manner prescribed by Fed. R. Civ. P. 4(e)(1). Fed. R. Civ. P. 4(e)(1) provides that service should be made "following state law for serving a summons…in the state where the district court is located…" Accordingly, Plaintiff turns to the Nevada Rules of Civil Procedure to serve TitleOne. The following statutes apply to service upon a business entity or association within the State of Nevada:

(1) *Entities and Associations in Nevada*.

(A) An entity or association that is formed under the laws of this state, is registered to do business in this state, or has appointed a registered agent in this state, may be served by delivering a copy of the summons and complaint to:
  (i) the registered agent of the entity or association;
  (ii) any officer or director of a corporation;
  (iii) any partner of a general partnership;
  (iv) any general partner of a limited partnership;
  (v) any member of a member-managed limited-liability company;
  (vi) any manager of a manager-managed limited-liability company;
  (vii) any trustee of a business trust;
  (viii) any officer or director of a miscellaneous organization mentioned in NRS Chapter 81;
  (ix) any managing or general agent of any entity or association; or
  (x) any other agent authorized by appointment or by law to receive service of process.

NRCP 4.2(c)(1)(A). If a plaintiff is unable to effectuate service upon a business entity or association under NRCP 4.2(c)(1), NRCP Rule 4.2(c)(3) allows for service upon the defendant by way of the Secretary of State.

(A)    If, for any reason, service on an entity or association required to appoint a registered agent in this state or to register to do business in this state cannot be made under Rule 4.2(c)(1) or (2), then the plaintiff may seek leave of court to

---

² A true and correct copy of the printout from the Nevada Secretary of State's Website for TitleOne of LasVegas, Inc. is attached as **Exhibit 1.**

> serve the Nevada Secretary of State in the entity's or association's stead by filing with the court an affidavit:
>
> > (i)  setting forth the facts demonstrating the plaintiff's good faith attempts to locate and serve the entity or association;
> > (ii)  explaining the reasons why service on the entity or association cannot be made; and
> > (iii)  stating the last-known address of the entity or association or of any person listed in Rule 4.2(c)(1), if any.

The Declaration of Lindsay D. Robbins, Esq. is attached hereto as **Exhibit 2**.[3] As outlined by the Declaration of counsel and evidenced by the prior attempts at service and supporting Affidavits of Due Diligence [ECF Nos. 9 & 30], Plaintiff has good cause to believe Defendant cannot be served within the State of Nevada and therefore requests leave to effectuate service of process on the Nevada Secretary of State.

### III.  CONCLUSION

Based on the above, Plaintiff respectfully requests leave to serve a copy of the Summons and Complaint on TitleOne via the Nevada Secretary of State.

DATED this 16th day of March, 2021.

                                WRIGHT, FINLAY & ZAK, LLP

                                */s/ Lindsay D. Robbins, Esq.*
                                Darren T. Brenner, Esq.
                                Nevada Bar No. 8386
                                Lindsay D. Robbins, Esq.
                                Nevada Bar No. 13474
                                7785 W. Sahara Ave., Suite 200
                                Las Vegas, Nevada 89117
                                *Attorneys for Plaintiff, DLJ Mortgage Capital, Inc.*

---

[3] An unsworn declaration is permitted in lieu of an affidavit or other sworn declaration. *See* NRS 53.045.

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b) and Electronic Filing Procedure IV(B),, I certify that I am an employee of WRIGHT, FINLAY & ZAK, LLP, and that on this 16th day of March, 2021, I did cause a true copy of the foregoing **MOTION FOR LEAVE TO SERVE DEFENDANT TITLEONE OF LAS VEGAS, INC. VIA THE NEVADA SECRETARY OF STATE** was transmitted electronically through the Court's e-filing electronic system to the attorney(s) associated with this case.

*/s/ Faith Harris*
An Employee of WRIGHT, FINLAY & ZAK, LLP

| **Index of Exhibits** ||
|---|---|
| Exhibit 1 | Nevada Secretary of State's Website printout for TitleOne of Las Vegas, Inc. |
| Exhibit 2 | Declaration of Lindsay D. Robbins, Esq. |