UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| DLJ MORTGAGE CAPITAL, INC., <br><br>Plaintiff,<br><br>vs.<br><br>OLD REPUBLIC TITLE INSURANCE GROUP, INC.; OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY; TITLEONE OF LAS VEGAS, INC.; DOE INDIVIDUALS I through X; and ROE CORPORATIONS XI through XX, inclusive,<br><br>Defendants. | 2:20-cv-01662-KJD-VCF<br><br>**ORDER** |

Before the Court is Plaintiff's Motion for Leave to Serve Defendant TitleOne of Las Vegas, Inc. via the Nevada Secretary of State (ECF NO. 31). Plaintiff seeks leave of court to serve Defendant TitleOne of Las Vegas, Inc. with a copy of the Summons and Complaint via the Nevada Secretary of State. *Id.*

**A.     Background**

This is a removed action by Old Republic National Title Insurance Company from Nevada's Eighth District Court pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446. Plaintiff DLJ Mortgage Capital, Inc. first filed this action on September 9, 2020 in State Court, against Old Republic Title Insurance Group, Inc. ("Old Republic"), Old Republic's wholly owned subsidiary, Old Republic National Title Insurance Company ("Old Republic National"), and TitleOne of Las Vegas, Inc. ("TitleOne") (collectively, "Defendants"), alleging breach of their obligations to defend and indemnify DLJ under a title insurance policy issued to insure a deed of trust on real property located in Nevada.

On January 4, 2021, Plaintiff requested an extension of 75 days under FED.R.CIV.P.4(m) to confirm and effectuate service upon Defendant TitleOne of Las Vegas, Inc. The court found good cause

and the deadline to perfect service of process on Defendant TitleOne of Las Vegas, Inc. was extended. (ECF No. 29). Plaintiff now files the instant motion, seeking leave of court to serve Defendant TitleOne of Las Vegas, Inc. with a copy of the Summons and Complaint via the Nevada Secretary of State. (ECF No. 31). Plaintiff states that it has attempted to serve the last known registered agent of TitleOne—Clayton Freeman—at 2485 Village Drive, Suite 190, in Henderson, Nevada, but found that the office is currently occupied by Appreciation Financial. Plaintiff states that on January 28, 2021, it attempted to serve the corporate officers of TitleOne at 1101 W. River Street, Suite 201, in Boise, Idaho, but was advised this location was for TitleOne Corporation, a different entity than TitleOne. Plaintiff states that search of the Nevada Secretary of State's online search portal for TitleOne shows no other addresses or parties to attempt service on.

**B.      Relevant Law**

To date, no opposition has been filed and the time to file an opposition has passed.

Under LR 7-2(d), the failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The courts determine "good cause" on a case-by-case basis and, at a minimum, good cause means excusable neglect. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir.2001) (defining "good cause" under Fed. R. Civ. P. 4(m)). To establish good cause, a plaintiff must show "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id*.

Federal Rule of Civil Procedure 4(h)(1)(A) provides that service upon a corporation, partnership, or association should be made in the manner prescribed by Fed. R. Civ. P.4(e)(1). Fed. R. Civ. P.4(e)(1) provides that service should be made "following state law for serving a summons...in the state where the district court is located..." NRCP 4.2(c)(1)(A) states

> (1) Entities and Associations in Nevada.
>
> > (A) An entity or association that is formed under the laws of this state, is registered to do business in this state, or has appointed a registered agent in this state, may be served by delivering a copy of the summons and complaint to:
> >
> > > (i) the registered agent of the entity or association;
> > > (ii) any officer or director of a corporation;
> > > (iii) any partner of a general partnership;
> > > (iv) any general partner of a limited partnership;
> > > (v) any member of a member-managed limited-liability company;
> > > (vi) any manager of a manager-managed limited-liability company;
> > > (vii) any trustee of a business trust;
> > > (viii) any officer or director of a miscellaneous organization mentioned in NRS Chapter 81;
> > > (ix) any managing or general agent of any entity or association; or
> > > (x) any other agent authorized by appointment or by law to receive service of process

Here, plaintiff is unable to effectuate service upon a business entity or association under NRCP 4.2(c)(1). NRCP Rule 4.2(c)(3) allows for service upon the defendant by way of the Secretary of State.

The district court may extend time for service of process retroactively after the 90-day service period has expired. See *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir.2003).

**C.     Analysis**

Plaintiff's complaint was filed on September 9, 2020. The deadline to effectuate service of process has passed. On January 25, 2021, at the Plaintiff's request, the deadline to perfect service on TitleOne

was extended to April 12, 2021.  (ECF NO. 29); Fed. R. Civ. P. 4(m).  Plaintiff's instant motion does not request an extension to effectuate service of process.

In Plaintiff's instant motion, Plaintiff argues that good cause exists because Plaintiff has made several attempted services of process on Defendant and that it is unable to effectuate service upon TitleOne under NRCP 4.2(c)(1)(A).  Plaintiff requests leave of court to allow service upon the defendant by way of the Secretary of State under NRCP Rule 4.2(c)(3).

Plaintiff states that it attempted to serve the corporate officers of TitleOne at 1101 W. River Street, Suite 201, in Boise, Idaho, but was advised this location was for TitleOne Corporation, a different entity than TitleOne. (ECF No. 31).  NRCP 4.2(c)(1)(A)(ii) states an entity or association that is formed under the laws of this state, is registered to do business in this state, or has appointed a registered agent in this state, may be served by delivering a copy of the summons and complaint to (ii) any officer or director of a corporation.

In the process server's affidavit of due diligence, he states that service was attempted on the Corporate officers of TitleOne of Las Vegas, Inc. at 1101 W. River Street, Suite 201, Boise, ID 83702 on January 28, 2021.  Service was unsuccessful because the address is for TitleOne Corporation, a different entity.  The process server was told that TitleOne of Las Vegas, Inc. dissolved in 2010.

Given the circumstances, the court finds good cause exists for Plaintiff to serve Defendant by way of the Secretary of State.

Accordingly, and for good cause shown,

IT IS ORDERED that Plaintiff's Motion for Leave to Serve Defendant TitleOne of Las Vegas, Inc. via the Nevada Secretary of State (ECF NO. 31) is GRANTED.

IT IS FURTHER ORDERED that the deadline to effectuate service of process on Defendant TitleOne of Las Vegas, Inc. is extended to May 14, 2021.

IT IS FURTHER ORDERED that service of process on Defendant TitleOne of Las Vegas, Inc. via the Nevada Secretary of State must comply with NRCP 4.2(c)(3)(B).  The posting of the summons and complaint must be made in this court and state court.

IT IS FURTHER ORDERED that Plaintiff must mail a copy of the Summons and Complaint to the last known address for Defendant TitleOne of Las Vegas, Inc.

IT IS FURTHER ORDERD that if the plaintiff is aware of the last-known address of any person listed in NRCP 4.2(c)(1), plaintiff must also mail a copy of the summons and complaint to each such person at the person's last-known address by registered or certified mail.

DATED this 14th day of April, 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE